# CIRCUIT COURT OF BALTIMORE CITY

Filed April 25, 1893.

THE LAKE ROLAND ELECTRIC RAILWAY COMPANY

VS.

MAYOR AND CITY COUNCIL OF BALTIMORE.

*Steele, Semmes & Carey* for plaintiff.

*Wm. S. Bryan, Jr.*, and *Thomas G. Hayes* for defendant.

HARLAN, J.--

I am of opinion that the demurrer to the bill of complaint in this case should be overruled. The bill is filed for the purpose of enjoining the Mayor and City Council of Baltimore, its agents, officers, servants and employees from tearing up or interfering with the single track of the plaintiff on Lexington street, as now laid; and the right of the plaintiff to have the relief asked, in case its track is lawfully occupying the street, is not denied. The substantial controversy is whether the plaintiff has lost the right to a single track by failing to remove its former double tracks within twenty days from the passage of Ordinance No. 1 of the Mayor and City Council of Baltimore, approved November 18th, 1892.

This ordinance, after repealing so much of Ordinance No. 23, approved April 8th, 1891, as authorized the plaintiff to lay down double tracks on Lexington street, by its third section, which is set out in the bill, authorizes the plaintiff to lay down, construct, maintain and use one iron railway track, and no more, on East Lexington street, between North street and Charles street, *in a location to be designated by the City Commissioner*, "provided as a condition precedent to the right to exercise the authority, or license, by this section conferred upon it, the railway company shall, within twenty days from the passage of this ordinance, at its own expense, remove the whole, or such portion of the double iron railway tracks that it has caused to be laid on said portion of Lexington street, as the *City Commissioner shall designate*."

Now, it would seem plain that there could be no obligation on the part of the railway company to take up any part of its tracks on Lexington street unless and until the City Commis-

sioner designated whether the whole or part of its double tracks should be removed. If he made no designation, there could be no default on the part of the company, and it would seem to me equally true if he made a designation under such circumstances as to show it was not intended to be operative as such, and was not to be acted upon by the company; that the company cannot be treated, in a Court of Equity, as having forfeited their rights by failing to comply with it.

Upon the case made by the bill as to the facts attending the giving of notice by the City Commissioner, and his subsequent location of the single track upon Lexington street, it cannot, in my judgment, be regarded that the Railway Company had such a notice from the City Commissioner as the ordinance contemplated in order to place it under the necessity of acting within the period of twenty days. I consider a notice given under the circumstances detailed in the bill, cannot be regarded as a notice at all, for the purpose of working a forfeiture. This conclusion, proceeding upon the assumption of the validity of the condition imposed by the aforesaid section, and denying its breach, makes it unnecessary for me to pass upon the scope and effect of the opinion of the Court of Appeals in the former case, and to determine whether, as contended by the defendant, the validity of the whole of said ordinance is *res adjudicata* as between the present parties by virtue of that litigation.

Nor do I deem the bill demurrable for failure of the plaintiff to file, as exhibits, certified copies of the two ordinances hereinbefore mentioned. The bill sets forth at large such parts of the ordinances as seem to be material to the present inquiry, and the ordinances themselves may be read in evidence from the authorized publications. Code, Article 35, Section 49. The demurrer will be overruled.